Markus A. Stadler
*Attorney for the Foreign Representative*

Martin Kenney & Co.
P.O. Box 4740
Road Town
Tortola VG1110
British Virgin Islands
Tel. (284) 494-2444
mstadler@mksolicitors.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re:* | Chapter 15 |
| TZG Capital Limited (in Liquidation), | Case No. 21-_____ (____) |
| Debtor in a Foreign Proceeding. | |

**DECLARATION OF PHILIP SMITH IN SUPPORT OF CHAPTER 15 PETITION OF TZG CAPITAL LIMITED FOR RECOGNITION OF FOREIGN INSOLVENCY PROCEEDINGS**

I, PHILIP J. SMITH, declare:

1. I, together with Cosimo Borrelli, am a duly appointed liquidator ("Liquidator") pursuant to Section 159(2) of the British Virgin Islands ("BVI") Insolvency Act, 2003 ("2003 Act") of TZG Capital Limited (in Liquidation), a company incorporated in the BVI (the "BVI Liquidation").

2. I respectfully submit this Declaration in support of the Petition seeking recognition of the BVI Liquidation pursuant to 11 U.S.C. 1501 et seq. (Chapter 15) and additional relief pursuant to the 11 U.S.C. 101 et seq. (the "Bankruptcy Code").

1

3. I accompany to my Declaration a paginated exhibit marked "Exhibit PJS-1," to which I reference in this Declaration.

4. I am a licensed BVI insolvency practitioner and routinely serve as liquidator in the BVI in accordance with the 2003 Act. I am a Senior Manager at Borrelli Walsh (BVI) Limited, a restructuring, insolvency, and forensic accounting firm, located at 3rd Floor, Commerce House, Road Town, Tortola VG1110, BVI. Ex. PJS-1, 2.

5. I am duly authorized to make this Declaration on TZG's behalf as TZG's Liquidator. I have fully participated in and supervised the BVI Liquidation. Unless otherwise indicated, all statements contained herein are true to the best of my knowledge, and where matters are based on information supplied to me, I clearly identify the source of that knowledge.

6. Pursuant to the 2003 Act, a liquidator appointed by qualifying resolution of the members of a company is an officer of the BVI Court. As such, I make this Declaration as an officer of the BVI Court and respectfully request an extension of comity for the benefit of all TZG's creditors, whose interests I represent.

**The Liquidation Resolution and My Appointment**

7. On February 3, 2021, (a) Cosimo Borrelli of Borrelli Walsh Limited, Level 17, Tower 1, Admiralty Centre, 18 Harcourt Road, Hong Kong, and (b) I were appointed as joint liquidators of TZG by a qualifying resolution (the "Liquidation Resolution") at a meeting of the Company pursuant to Section 159(2) and (3) of the 2003 Act. Mr. Borrelli and I are each empowered to act jointly and severally in our roles as liquidators of TZG. Ex PJS-1, 3-4.

8. The first meeting of the creditors of TZG was chaired by me in the BVI on February 24, 2021 (the "First Meeting"). At the First Meeting, creditors entitled to vote resolved and confirmed the continued appointment of Mr. Borrelli and me as the liquidators of TZG.

9. As a liquidator of TZG, I, together with my staff, perform our duties in and from the BVI.

10. For the reasons discussed below, I submit that (a) I, alongside Mr. Borrelli, are the "foreign representatives" of the BVI Liquidation and that the BVI Liquidation constitutes a "foreign proceeding" within the meaning of Sections 101(24) and (23) of the Bankruptcy Code, respectively; (b) the case was properly commenced in accordance with the requirements of Chapter 15 of the Bankruptcy Code; and (c) the BVI Liquidation satisfies all of the requirements to be recognized as a "foreign main proceeding" pursuant to Sections 1502(4) and 1517(b)(1) of the Bankruptcy Code.

**TZG's Pre-liquidation Business and Relevant Facts**

11. The following are the results of our investigations thus far. TZG is a limited liability company formed on June 11, 2008, under the laws of the BVI, with an authorized maximum of 50,000 shares, with a par value of $1 each, totaling $50,000. Ex PJS-1, 5-6. At all material times, TZG maintained a continuing presence through its registered office at Wickhams Cay II, Road Town, Tortola VG1110, BVI. Id.

12. Pursuant to the Register of Directors of TZG, Xiaoying Zhu is the sole director of TZG, having held this position since August 24, 2016.

13. Pursuant to the Register of Members of TZG, TZG Investments Limited ("TZG Investments"), a BVI company, is the sole shareholder of TZG.

14. TZG is a holding company for investments in early-stage companies doing business in China. As of March 30, 2021, TZG's investments comprise of minority interests in Q-TZG Leasing Holding, Ltd. (in Liquidation) ("QTL") (incorporated in the Cayman Islands) and Q China Telecom, Ltd. ("QCT") (incorporated in the Cayman Islands). Ex PJS-1, 7-10.

15. TZG's counterparties and creditors have, and at all relevant times had, actual knowledge that TZG is a BVI company and acknowledged the same in various agreements.

16. TZG's known assets consist of $296 held in a lawyer's client trust account at Citibank, 411 5th Ave., New York, NY 10016; shares in QTL (16.74% of Class B shares and 100% of Class A shares), shares in QCT (25.68% of Class B shares); a receivable from QTL for legal fees that TZG funded for QTL to defend QTL's director Hsiang I Ben Tsen from legal proceedings; and a counterclaim against QCH in the Q China Litigation (defined below) that includes, among other things, the receivable from QTL for funding the defense of Mr. Tsen. Ex PJS-1, 7-11.

17. Creditors have lodged approx. $7 million in claims in the BVI Liquidation. The liquidators have not yet adjudicated any of these claims. Ex. PJS-1, 11-15.

**Events Leading Up to the BVI Liquidation**

18. Q China Holdings Ltd. (Cayman Islands) ("QCH") is a holding company incorporated in the Cayman Islands associated with Q Investments, a private investment firm based in

Ft. Worth, Texas. Ex PJS-1, 60. Q Investments co-invested with TZG in QTL and QCT, both of which have QCH as a majority owner. While QCH is the majority owner of QTL, TZG exercised day-to-day control and management over QTL.

19. Litigation arose between TZG and QCH from a commercial dispute wherein QTL disposed of 70% of the shares ("Disputed Sale") of Q-TZG Financial Leasing (China) Co., Ltd. ("QTL China") in December 2015. QCH alleges that the sale took place covertly without the necessary authorization from QCH and that QCH was deprived of an approximately $5,000,000 portion of the sale's proceeds. Various actions were commenced by QCH in the courts of the United States. The only claim that is still active is an action in New York ("Q China Litigation"). Q China Holdings, Ltd. v. TZG Capital Ltd., No. 656359/2016 (N.Y. Sup. Ct. filed Dec. 12, 2016). Ex. PJS-1, 16-37.

20. The continuing cost and expenditures of the protracted litigation have rendered TZG insolvent.

**The BVI Liquidation Order and Subsequent Liquidation Activities**

21. Since the Liquidation Resolution placing TZG into liquidation, all activity related to the BVI Liquidation has taken place in and from the BVI. Although the BVI Liquidation was only recently commenced, my staff and I have already completed a significant amount of work, all of which is being conducted in or from the BVI and ultimately subject to the supervision of the BVI court.

22. On February 3, 2021, we filed the Notice of Appointment with the BVI Registry of Corporate Affairs pursuant to Section 178(1)(b) of the 2003 Act. Ex PJS-1, 38.

5

23. Pursuant to Section 178(1)(a) of the Act, we advertised the Notice of Appointment and notice of the first meeting of creditors in the BVI Beacon on February 11, 2021, and the Virgin Islands Gazette on February 18, 2021, and the Cayman Compass on February 12, 2021. Ex. PJS-1, 39-41.

24. Primarily from the BVI, my staff and I have undertaken considerable efforts to contact TZG entities, banks associated with them, lawyers and counsel representing them, and third parties with assets associated with them. The efforts included notification of:

   A. the registered agent of TZG located in the BVI, in respect to the appointment of the Liquidators and requested, amongst other things, copies of the books and records of TZG;

   B. the Director of TZG of the appointment of the Liquidators, requiring the Director to, <u>inter alia</u>, file a statement of affairs with the Liquidators, and provide the books and records of TZG that were in their possession;

   C. the shareholder of TZG of the appointment of the Liquidators and requested that they hand over any books and records of TZG that were in their possession and provide ongoing assistance with the liquidation;

   D. the direct subsidiaries of TZG in respect of the appointment of the Liquidators and requested that they provide the books and records of TZG in their possession and provide ongoing assistance with the liquidation;

   E. the legal advisors of TZG in respect of the appointment of the Liquidators and requested, <u>inter alia</u>, copies of the books and records of TZG;

6

    F.    TZG's bank of the appointment of the Liquidation, worked with TZG's director to obtain access to the account, and requested that all statements and balances be remitted to the Liquidators; and

    G.    all banks in the BVI of the appointment of the Liquidators to establish whether TZG maintained and/or maintains any bank accounts and requested that the account(s) be closed and all balances remitted to the Liquidators.

I continue to pursue the parties listed above for the books and records of TZG.

**Litigation Against TZG in the United States**

25.    As noted above, TZG currently is a defendant in the Q China Litigation, pending in the New York Supreme Court, New York County. QCH, the plaintiff, in summary, alleges that TZG deprived QCH of approximately $5,000,000 in proceeds from the Disputed Sale by:

    A.    contravening its contractual obligations by organizing the Disputed Sale covertly, without QCH's knowledge or approval;

    B.    underreporting the sale price (approx. $11,300,000 compared to approx. $18,400,000) to QCH to keep the difference between the true sale price and the underreported sale price for TZG; and

    C.    attributing the difference in price to transaction-related consulting fees made by TZG to various parties when QCH discovered the true sale price.

*See* Ex PJS-1, 16-37.

26.    TZG has filed counterclaims against QCH in the Q China Litigation seeking to:

A. invalidate and rescind a transaction wherein it is alleged that QCH coerced TZG into purchasing a 20% stake in QCT at an inflated price of $1,289,517;

B. confirm that Mr. Tsen, QTL's director, is entitled to indemnification by QTL and obtain a judgement against QCH, as majority shareholder, for its pro rata share of TZG's advances to QTL of more than $340,000 for legal fees to defend Mr. Tsen from QCH's claims for fraud, fraudulent concealment, and breach of fiduciary duty;

C. obtain judgement declaring John Lee, the Chief Executive Officer of QTL, is owed $842,383, representing his share of the Disputed Sale proceeds, which TZG alleges that Mr. Lee has been unable to collect these proceeds as QCH's representative director on QTL's board has refused to give consent to issue 900,000 Class B shares of QTL to John Lee; and

D. obtain declaration that QTL was obliged to pay a $679,833 ("FI Fee") to TZG, pursuant to QTL's shareholder agreement and a Financial Intermediary Engagement Letter ("FI Agreement"), which was incurred in connection with the Disputed Sale; further that this FI Free was properly paid.

Ex. PJS-1, 42-59.

27. BVI liquidation proceedings are collective proceedings designed to collect, assess, and resolve all claims against the debtor entity for the benefit of all its creditors and stakeholders. TZG's estate and its other creditors will be significantly prejudiced if I am forced to continue to expend scarce estate resources to defend the Q China Litigation in New York. At the same time, I have not determined (a) whether the Q China Litigation ought to be defended or (b) whether there is sufficient evidence to support admitting the

       claim. In the event of an attachment order applicable to TZG's assets, seizure of any TZG's assets by a single unsecured creditor would prejudice the estate.

28.    For this reason, I seek to stay the Q China Litigation insofar as it asserts claims against TZG so that all claims against TZG can be resolved as part of the collective proceeding that is the BVI Liquidation rather than on a piecemeal basis.

29.    I am not aware of any other litigation pending against TZG in the United States.

30.    There is no foreign or domestic insolvency proceeding other than the BVI Liquidation, and, save for Mr. Borrelli with whom I act jointly and severally as TZG's liquidator, there are no other parties or entities known to me that are authorized to seek or administer foreign proceedings in the United States with respect to TZG.

**Relief Requested**

31.    By the petition, as TZG's Liquidator, I seek the following relief:

    A.    recognizing the BVI Liquidation as a foreign main proceeding, or in the alternative, a foreign non-main proceeding, pursuant to Chapter 15 of the Bankruptcy Code, and I, together with Mr. Borrelli, acting in our capacities as TZG's liquidators, as TZG's foreign representatives under 11 U.S.C. §§ 1509 and 1517;

    B.    as listed in 11 U.S.C. §§ 1520 and 1521(a); and

    C.    in the form of an entry of an Order of this Court pursuant to 11 U.S.C. §§ 105(a), 1507, 1517, 1520, 1521(a), and 1521(b).

32. It seems clear that TZG's counterparties were aware that it is a BVI company. TZG's primary creditors are insiders and joint venture partners; a shareholder agreement in TZG's primary minority share assets notes that TZG is a BVI company.

33. For the reasons discussed above, the BVI is the center of main interest ("COMI") for TZG as I understand it to be interpreted under the Bankruptcy Code.

34. In sum, I am engaging and will engage in substantial post-liquidation activity from offices in the BVI including (a) assuming the powers and duties of the board of directors and voting necessary company shares, (b) assessing the merits of TZG's and its creditors' potential claims, and gathering information on TZG's past operations, (c) investigating TZG's business, (d) establishing bank accounts, and (e) engaging in discussions with creditors.

35. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: June 23, 2021
Road Town, Tortola, British Virgin Islands

Philip J. Smith
*Liquidator and Foreign Representative for*
*TZG Capital Limited (in Liquidation)*